**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| THEODORE EL SCOTT | : | |
| Petitioner | : | |
| v | : | Civil Action No. JFM-05-1964 |
| DISTRICT STATE ATTORNEY GENERAL | : | |
| | : | |
| Respondent | | |

o0o

**MEMORANDUM**

The above-captioned action was filed on July 15, 2005. The complaint, which has been construed as a petition for writ of habeas corpus, seeks damages in the amount of 10 million dollars and alleges that unnamed persons have caused petitioner to be illegally confined. Paper No. 1. Though most of the allegations raised in the complaint are unclear,[1] it appears that petitioner is challenging the validity of proceedings taking place in a criminal case that was filed on July 13, 2005 and which he describes as being on appeal. *Id*. at p. 2. For reasons that follow, the petition must be dismissed.

To the extent that this action is an attempt to challenge a state criminal conviction under 28 U.S.C. § 2254, it has been filed prematurely. When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be

---

[1] The complaint is handwritten and illegible in many places. Additionally, most of the claims are stated as disjointed phrases and incomplete sentences that are indecipherable.

accomplished either on direct appeal or in post-conviction proceedings.  In light of the date provided by petitioner regarding the subject criminal charges, it is clear that his claims have not been exhausted.

To the extent that this action is an attempt to sue for civil damages pursuant to 42 U.S.C. § 1983,  regarding allegations that petitioner's rights were violated during a criminal prosecution, the claim has been filed prematurely.  Claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice.  *Heck v. Humphrey*,  512 U. S. 477, 487  (1994).  Put another way, peritioner's claims for damages cannot be entertained by this Court unless he has first successfully challenged his criminal conviction.  Petitioner indicates in his complaint that he is in the process appealing his conviction through the state court system.  In the event that the state courts agree with his assessment of the events surrounding his arrest and, as a result, overturn his conviction, he may re-file his constitutional claim for damages at that time.

A separate Order dismissing the complaint without prejudice follows.


<u>August 15, 2005</u>                                  <u>/s/                                              </u>
Date                                                         J. Frederick Motz
                                                                 United States District Judge